UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAYLA BALES, an Individual, ) | |
| ) | |
| Plaintiff, ) | Northern District of Oklahoma |
| ) | Case No.: 16-cv-106-GKF-JFJ |
| vs. ) | |
| ) | Tulsa County District Court |
| RICHARD GREEN; ) | Case No. CJ-2016-00369 |
| SERVICE TRANSPORT COMPANY; ) | |
| TRANSPORT SERVICE INSURANCE; and ) | |
| EXCESS HOUSE INC. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS SERVICE TRANSPORT COMPANY'S AND RICHARD GREEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Defendant Service Transport Company ("Service Transport"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves the Court to enter partial judgment in its favor as no genuine issue as to any material fact exists and Service Transport is otherwise entitled to judgment as a matter of law with respect to any theory of liability independent of *respondeat superior* liability, including negligent hiring, training, and retention. The Defendants Service Transport Company ("Service Transport") and Richard Green ("Green"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, move the Court to enter partial judgment in their favor as no genuine issue as to any material fact exists which supports a claim for punitive damages. In furtherance and support of this Motion Defendant does state and allege as follows:

**STATEMENT OF THE CASE**

This litigation results from a vehicle collision which occurred on January 29, 2014, on an Oklahoma roadway in Tulsa County. The Plaintiff herein allegedly suffered injury, and alleged that Defendant Richard James Green ("Defendant Green") was operating a semi-truck owned by Defendant Service Transport. Service Transport admitted Defendant Green was its employee

acting in the course and scope of his employment at the time of the collision. Further, Defendant Service Transport admitted liability under a theory of respondeat superior for any *proven* negligence of Defendant Green and resulting damages.

Pursuant to Oklahoma case law, and decisions rendered by the Oklahoma Federal District Courts interpreting the same, Defendant Service Transport's admission that Defendant Green was acting within the course and scope of his employment at the time of the accident entitles Defendant Service Transport to summary judgment on Plaintiff's claims for negligent hiring, training, supervision, and retention.

## STATEMENT OF UNCONTROVERTED FACTS

1. On January 28, 2016, the Plaintiff filed a Petition in Tulsa County, State court. See Notice of Removal Exhibit A, Plaintiff's Petition, [Dkt. 2-1].

2. In the Petition, Plaintiff alleges that, at the time of the accident, Defendant Green was acting within the course and scope of his employment with and was operating a semi-truck owned by Defendant Service Transport. See Notice of Removal Exhibit A, Plaintiff's Petition, ¶¶ 6 and 12 [Dkt. 2-1].

3. Plaintiff further alleged that Defendant Service Transport was "negligent in the hiring, retention, and training of Defendant Green." See Notice of Removal Exhibit A, Plaintiff's Petition, ¶ 17 [Dkt. 2-1].

4. Plaintiff further alleged that Defendant Service Transport, through the acts of Defendant Green and Defendant Green acted in reckless disregard to the rights of others and was grossly negligent, thereby entitling Plaintiff to punitive damages. See Notice of Removal Exhibit A, Plaintiff's Petition, ¶ ¶ 10 & 16 [Dkt. 2-1].

5. Post-accident drug and alcohol screens for Green were negative. See Exhibit "1" Drug Screen and Exhibit "2" Testing Exception Form.

6. Green testified that he attempted a turn, saw that his tandems were going to go off of the pavement, reversed, and as he began to move forward heard the hit. See Exhibit "3" deposition of Richard Green taken August 23, 2017, Page 12, line 6 to page 13, line 10.

7. When Green made the turn, there were no cars in either direction, and he saw no headlights. See Exhibit "3" deposition of Richard Green taken August 23, 2017, page 12, line 6 to page 13, line 10.

8. Plaintiff did not see anything in the roadway until just before the accident when she claims the "truck jumped in front of me." See Exhibit "4" deposition of Kayla Bales taken August 16, 2017, page 20, line 2 to page 21, line 25.

9. Defendant Service Transport removed the action to the United States District Court for the Northern District of Oklahoma on February 22, 2016. See Notice of Removal [Dkt. 2].

10. Pursuant to the Joint Status Report [Dkt. 20] filed on August 11, 2016, the parties agree and stipulated that "Defendant Green was employed by Service Transport Company at all times relevant to this action" and "Defendant Green was acting within the scope of his employment at the time of the collision." See Joint Status Report [Dkt. 20], P. 2 (IV)(C)(a)-(b).

11. Further, the parties stipulated that "*Respondeat superior* liability will apply to Defendant Service Transport for any *proven* negligence of Defendant Green and related injuries/damages." See Joint Status Report [Dkt. 20], P. 2 (IV)(D)(a).

**ARGUMENT AND AUTHORITY**

  **I.**  S<small>TANDARD OF</small> R<small>EVIEW</small>

  Rule 56 (a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d. 265 (1986).

  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d. 202 (1986), the Supreme Court held that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." The Court also explained, "if the evidence is merely colorable, or not significantly probative, summary judgment may be granted." *Id.* In addition, "the mere existence of a scintilla of evidence in support of a plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Id.* A movant's summary judgment burden may properly be met by reference to the lack of evidence in support of the nonmovant's position. *See Adler v. Wal-Mart Stores, Inc.*, 144 F. 3d 664, 671 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548).

  **II.**  *J<small>ORDAN V</small>. C<small>ATES</small>*[1] E<small>NTITLES</small> D<small>EFENDANT TO</small> S<small>UMMARY</small> J<small>UDGMENT ON</small> C<small>LAIMS FOR</small> N<small>EGLIGENT</small> H<small>IRING</small>, T<small>RAINING</small>, R<small>ETENTION</small>, <small>AND</small> S<small>UPERVISION</small>.

  While Oklahoma law recognizes distinct theories of liability based on *respondeat superior* and negligent hiring, training, retention, and supervision as separate claims the Oklahoma Supreme Court has made it exceedingly clear through precedent over the years the

---

[1] *Jordan v. Cates*, 1997 OK 9, 935 P. 2d 289

4

latter is only available when an employer disputes the alleged employment and whether the actions were in the course and scope of the alleged employment. In *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, the Oklahoma Supreme Court explained that, once *respondeat superior* liability has been admitted, claims relating to negligent hiring, retention, supervision, or training are "unnecessary and superfluous." *Jordan*, at ¶ 16, 935 P.2d at 293. *See also N.H. v. Presbyterian Church (U.S.A.)*, 1999 OK 88, ¶ 20, 998 P.2d 592, 600. In fact, Jordan expressly held as follows:

> We hold that summary judgment is appropriate because the negligent hiring theory imposes no additional liability on the employer where it stipulates its employee was acting within the scope of his employment when the harm-dealing altercation occurred.

Jordan, at 11, 935 P.2d at 291. The Court re-iterated this point in the case *N.H. v. Presbyterian Church (U.S.A.)*, 1999 OK 88, 998 P.2d 592. The Court held "In Oklahoma a theory of recovery [negligent hiring, training, supervision, and retention] is available if vicarious liability is not established. *N.H.,* at ¶ 20, 1998 P.2d at 600.

"The law appears clearly established in Oklahoma that once an employer … has admitted vicarious liability for its employee's actions, no further theory of negligence associated with the particular incident may be maintained against the employer." *See Landreville v. Joe Brown Co.,* 2009 U.S. Dist. LEXIS 43326, at *7 (E.D. Okla. May 21, 2009). As declared in *Jordan*, once an employer admits liability for its employee, such admission makes "'*any other theory for imposing liability on the employer unnecessary and superfluous.*'" *Id.*, at *8 (quoting *Jordan*, at ¶ 16, 935 P. 2d at 293).

Rather, the nature of the tort is not dispositive. *See Cardenas v. Ori, et al.*, CIV-14-386-R, Order dated May 11, 2015 (W.D. Okla.). The Court in *Cardenas* explained:

5

> There is no logic to the notion that an employer would be directly liable for negligent hiring if its employee acted negligently, but not be liable if it negligently hires a person with a lengthy history of violence and the employee assaults a customer.

*Id.* at *4. The plaintiff's remedy remains unchanged, should the employee be found negligent then liability automatically attaches to the employer. *Id.* at *6. Although a plaintiff is permitted to claim alternative causes of action, the court is permitted to dismiss claims that are superfluous. *Id.*

The Oklahoma Supreme Court's holding in *Jordan* has been consistently applied in Federal District Court in the Western District of Oklahoma and the Tenth Circuit. *See Huntley v. City of Owasso*, 497 Fed. Appx. 826, 834, 2012 U.S. App. LEXIS 20268, at *18 (10th Cir. Sept. 27, 2012) (holding that under Oklahoma law, claims of negligent hiring, training, and supervision "are available only when vicarious liability is not established"); *Newell v. Western Express, Inc., et al.*, CIV-14-574-R, Order dated May 7, 2015 (W.D. Okla.) (granting defendant summary judgment on negligent hiring, training, supervision, retention, and entrustment, where defendant stipulated the driver in question was its employee acting within the scope of his employment at the time of the accident); *Fisher v. Nat'l Progressive, Inc.*, CIV-12-853-C, Order dated December 29, 2014, at *4 (W.D. Okla.) ("Because Defendant . . . has stipulated to vicarious liability, Plaintiff's claims of negligent hiring, training, retention, supervision, and entrustment cannot prevail under Oklahoma law."); *Guerrero v. Meadows*, CIV-14-0537-F, Order dated October 15, 2014, at *4 (W.D. Okla.) ("*Jordan* and *N.H. Presbyterian Church* hold that where the employer stipulates that liability (if any is ultimately established) would exist under the *respondeat superior* doctrine (*i.e.* the vicarious liability doctrine) than any other theory for imposing liability on the employer is unnecessary and superfluous."); *Bryson v. Sierra Metals, Inc.*, 2013 U.S. Dist. LEXIS 52696 (W.D. Okla. Mar. 25, 2013) (granting defendant

summary judgment on negligent hiring, entrustment, and supervision claims where defendant stipulated the employee in question was its agent acting within the scope of his agency at the time of the accident); *Lancaseter v. U.P. Express, Inc. et al.*, CIV-11-1208-W, at *11 (W.D. Okla. June 3, 2013) ("In Oklahoma, if vicarious liability has been established (through stipulation or otherwise), a plaintiff is not permitted to also proceed against an employer on a negligent training, supervision, retention and entrustment claim."); *Westbrook v. Good Neighbor Care Ctrs. LLC, et al.*, 2013 U.S. Dist. LEXIS 14351, at *16 (W.D. Okla. Feb. 4, 2013) (holding that claims of negligent training, supervision, or retention are "only available if vicarious liability is not established"); *Chamberlain v. Thomas*, CIV-11-1430-HE, Order dated Sept. 24, 2012, at *2 (W.D. Okla.) ("[*Jordan*] indicates that if an employer stipulates its employee is acting within the scope of employment at the time of the underlying tort and that punitive damages are available against it on the basis of *respondeat superior*, then an additional claim against it on the basis of negligent hiring is unavailable."); *Simpson v. Kaya*, 2012 U.S. Dist. LEXIS 114993, at *9 (W.D. Okla. Aug. 15, 2012) ("Because Defendant has stipulated to its liability for [its employee's] conduct, Plaintiff's negligence claim based on Defendant's own conduct is unnecessary and superfluous."); and *Dowuona-Hammond v. Integris Health*, CIV-10-965-C, at *5, Order dated January 14, 2011 (W.D. Okla.) ("Because there is vicarious liability there can be no negligent hiring, retention, or supervision claim.")

This is also consistent with holdings in the Northern and Eastern District of Oklahoma. *See Hill v. J.B. Hunt Transp., Inc.*, CIV-13-429-RAW, Order dated October 22, 2014, at *4 (E.D. Okla.) (granting defendant summary judgment on negligent hiring, training, and supervision where defendant stipulated that the employee in question was acting within the scope of his employment at the time of the accident); *Martucci v. P&A Transps., Inc.*, 2013 U.S. Dist. LEXIS

7

64303, at *1 (E.D. Okla. May 6, 2013) ("Because [Defendant] stipulates that [Plaintiff] was acting within the scope of his employment, and that vicarious liability pursuant to the respondeat superior doctrine is therefore applicable, the cause of action for negligent hiring, training, and supervision is not applicable." (internal citations omitted)); *Morris v. City of Sapulpa*, 2011 U.S. Dist. LEXIS 46266, at *47-48 (N.D. Okla. Apr. 28, 2011) ("Because the [employer] stipulates that [the employee] was acting within the scope of his employment, and that vicarious liability pursuant to the respondeat superior doctrine is therefore applicable, the cause of action for negligent hiring, training, and supervision is not available."); *Henderson v. Choctaw Cnty. City of Hugo Hosp. Auth.*, CIV-09-125-KEW, Order dated May 5, 2010, at *10 (E.D. Okla.) 2010 U.S. Dist. LEXIS 52405 ("vicarious liability has been established, making Plaintiff's claims for negligent retention, supervision, and training superfluous"); and *Landreville v. Joe Brown Co., Inc.*, CIV-08-171-KEW, Order dated May 21, 2009, at *7 (E.D. Okla.) ("The language of *Jordan* is unequivocal and not limited in its scope of negligence theory. The Oklahoma Supreme Court expressly stated that when an employer admits liability for its employee, the act of admission makes any other theory for imposition [of] liability on the employer unnecessary and superfluous.") (citations and quotations omitted).

Thus, case law is clear that when a Defendant admits its employee was acting within the course and scope of his/her employment at the time of the events at issue in the litigation Plaintiff's claims for negligent hiring, training, supervision, and/or retention are prohibited.

**III. THERE IS NO EVIDENCE TO SUPPORT PLAINTIFF'S PUNITIVE DAMAGE CLAIM.**

The fact that an accident occurred does not make the conduct of Green or Service Transport rise to the level of egregiousness to impose punitive damages. "Punitive damages are usually imposed only on defendants who are ***culpable in the extreme***, not on those who are

merely 'honest but unfortunate.'" *In re Manley*, 135 B.R. 137, 147 (Bankr. N.D. Okla. 1992) (emphasis added).

> Furthermore, [i]t should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is ***so reprehensible*** as to warrant the imposition of further sanctions to achieve punishment or deterrence.

*State Farm Mut. Auto. Ins. Co. v. Campell*, 538 U.S. 408, 123 S.Ct. 1513, 1521 (2003) (emphasis added). Whether there is competent evidence to submit the issue of punitive damages to the jury is a question of law for the Court. *See*, *Hall v. Globe Life and Accident Ins. Co.*, 1998 OK CIV APP 161, 968 P.2d 1263, 1266-1267; *see also*, *Black v. M&W Gear Co.*, 269 F.3d 1220, 1239 (10th Cir. 2001) (applying Oklahoma law). In this case, there is no evidence that Defendants' conduct was so egregious or reprehensible as to warrant the imposition of punitive damages. The facts in this case merely reflect at best, ordinary negligence (which is not admitted.)

Specifically, under Oklahoma law, "punitive damages may be imposed only on a defendant who is shown to have acted with 'evil intent' or with 'such [reckless] disregard of another's rights, as is deemed equivalent to such intent." *In re Manley*, 135 B.R. at 146, quoting *Mitchell v. Ford Motor Credit Co.*, 1984 OK 18, 688 P.2d 42, 45-46 & n.8. This well-established principle of Oklahoma law is codified in 23 O.S. § 9.1, which requires Plaintiffs to prove by clear and convincing evidence that Defendants acted in reckless disregard of Plaintiffs' rights. "In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a ***high probability*** that the conduct would cause serious harm to another." *Black*, 269 F.3d at 1239 quoting Okla. Unif. Civil Jury Instruc. 5.6 (emphasis added). "'Reckless disregard' is not to be confused with inadvertent conduct." *Weber v. Armco, Inc.*, 1983 OK 53, 663 P.2d 1221, 1228. Here, Green was attempting

9

a turn with no other vehicles visible. Even Plaintiff did not identify any vehicles on the road until, in her words, the "truck jumped in front of me." Green was not under the influence of drugs or alcohol. While Green had not been able to conduct a "textbook" turn at this intersection, such action does not rise to the punitive level.

## IV.

## CONCLUSION

Plaintiff has alleged that the Driver was an employee of Service Transport and acting within the course and scope of his employment with Service Transport at the time of the accident. (Uncontroverted Fact No. 2). Service Transport has admitted that Defendant Green was acting within the course and scope of his employment at the time of the accident at issue and thus *respondeat superior* liability applies for any *proven* negligence. (Uncontroverted Fact Nos. 4-5). Accordingly, pursuant to *Jordan* and its progeny, Service Transport is entitled to summary judgment with respect to any and all theories of liability advanced by Plaintiff independent of Service Transport's vicarious liability, including negligent hiring, training, re-training, supervision, and retention. Furthermore, no evidence exists to suggest, much less show by clear and convincing evidence, that Green acted in reckless disregard for the rights or others or that his actions were grossly negligent. Defendants are entitled to summary judgment on the punitive damage claim in their favor.

WHEREFORE, based upon the above and forgoing, Defendant Service Transport Company respectfully requests the Court grant its Motion for Summary Judgment with respect to

Plaintiff's claims for negligent hiring, training, supervision, and retention, and with respect to the claims for punitive damages, and any and all such independent theories of liability against it outside of vicarious liability.

Respectfully Submitted,

By: s/ John R. Woodard, III
John R. Woodard, III, OBA No. 9853
Robert P. Coffey, Jr., OBA No. 14628
Timothy S. Harmon, OBA No.11333
Coffey Senger McDaniel P.L.L.C.
4725 E. 91st Street, Ste. 100
Tulsa, Oklahoma 74137
(918) 292-8787 Telephone
(918) 292-8788 Facsimile
john@csmlawgroup.com
robert@csmlawgroup.com
tim@csmlawgroup.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2017, I electronically transmitted the attached document to the Clerk of Court using ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Patrick L. Adams
Mary McMillen
Adams Law Office, PLLC
525 S. Main, Ste. 525
Tulsa, OK  74103

Thomas Mortensen
Mortensen & Associates, LLC
1331 S. Denver Ave.
Tulsa, OK 74119
tmort70@hotmail.com

s/ John R. Woodard, III
John R. Woodard, III
