**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

KAYLA BALES,                                    )
                                                )
            Plaintiff,                          )
                                                )
v.                                              )          Case No. 16-CV-106-GKF-JFJ
                                                )
RICHARD GREEN and                               )
SERVICE TRANSPORT COMPANY,                      )
                                                )
            Defendants.                         )

## OPINION AND ORDER

This matter comes before the court on the Opposed Motion for Leave to File Amended

Answers [Doc. #106], of defendants Richard Green and Service Transport Company. For the

reasons discussed below, the motion is granted.

**I.      Procedural History**

Ms. Bales initiated this case in the District Court in and for Tulsa County on January 28,

2016. On February 23, 2016, the case was removed to this court. The court entered a Scheduling

Order on September 7, 2016. *See* [Doc. #27]. The Scheduling Order set a deadline of September

16, 2016 for amendments to the pleadings. [*Id.*].

Since then, upon request of the parties, the court has amended the Scheduling Order on

three (3) separate occasions: the First Amended Scheduling Order [Doc. #50], entered on

November 17, 2016; the Second Amended Scheduling Order [Doc. #63], entered on March 28,

2017; and the Third Amended Scheduling Order [Doc. #77], entered on September 6, 2017. None

of the amended Scheduling Orders included an amended deadline for the amendment of pleadings, as the original deadline of September 16, 2016, had previously lapsed.

Mr. Green and Service Transport now seek leave to amend their respective Answers to include three additional affirmative defenses.  [Doc. #106].

## II.    Standard

The Tenth Circuit has recently clarified that "[a]fter a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."  *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'"  *Gorsuch, Ltd.*, 771 F.3d at 1240 (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).  Good cause may be satisfied through the discovery of new information "or if the underlying law has changed."  *Id.*

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course within twenty-one (21) days of service or, if the pleading is one to which a responsive pleading is required, within 21 days of service of the responsive pleading or motion.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "denial of a motion to amend may be appropriate where there has been shown 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Steadfast Ins. Co. v. Agric. Ins. Co.*, No. 05-CV-126-GKF-TLW, 2014 WL 1901175, at *4 (N.D. Okla. May 13, 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "'[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

## III. Analysis

In their motion, Mr. Green and Service Transport seek leave to amend their respective Answers to include three additional affirmative defenses relating to: (1) medical expenses recoverable (12 O.S. § 3009.1); (2) statutory limitations as to punitive damages (23 O.S. § 9.1); and (3) statutory limitations as to noneconomic damages (23 O.S. § 61.2). [Doc. #106]. In opposition, Ms. Bales argues: (1) the request is untimely; (2) she will be prejudiced by the amendment; and (3) Mr. Green and Service Transport fail to satisfy Rule 16's "good cause" standard. The court will separately consider each argument.

### A. Timeliness

Although in the Tenth Circuit, "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend," *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (alteration in original), both Rule 15 and Rule 16 provide the district court "broad discretion" to grant leave to amend pleadings. *Bylin v. Billings*, 568 F.3d 1224, 1229, 1231 (10th Cir. 2009). Delay is generally measured from the filing of the Complaint, or from the time when the facts upon which the amendment is based became known to the movant. *See Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Mr. Green and Service Transport seek leave to amend based on the Tenth Circuit's decision in *Racher v. Westlake Nursing Home Ltd. P'shp*, 871 F.3d 1152 (10th Cir. 2017). In *Racher*, the Tenth Circuit considered whether 23 O.S. § 61.2, Oklahoma's statutory limitation on noneconomic damages, is an affirmative defense that is waived by failure to timely assert it. *Id.* at 1161-62. Although the court noted that "[t]he majority of federal circuits to address the question have held that a damages cap must be pled as an affirmative defense in federal court," the Tenth Circuit concluded that whether § 61.2 was an affirmative defense was not a procedural issue (such that federal law would apply), but, rather, was a question of substantive law requiring application of Oklahoma law. *Id.* at 1165. Looking to Oklahoma substantive law, the court observed that "Oklahoma courts have not yet had the opportunity to directly address whether Okla. Stat. tit. 23, § 61.2 creates a pleading requirement or an affirmative defense, so we must predict how the Oklahoma Supreme Court would decide the issue." *Id.* at 1165. Based on existing Oklahoma law, the Tenth Circuit concluded that "Okla. Stat. tit. 23, § 61.2(B) operates as an affirmative defense, placing the burden on defendants to assert it." *Id.* at 1166.

Based on the court's review of Oklahoma law, the court is persuaded that the Tenth Circuit's decision in *Racher* represents a change in the underlying law that could not have been anticipated by Mr. Green and Service Transport.[1] Although Ms. Bales asserts that the decision in *Racher* "should not be surprising" in light of the "majority rule" in federal courts, *Racher* articulated a principle of Oklahoma substantive law, not federal procedure, for the first time.

Nor is the court persuaded by Ms. Bale's assertion that defendants have "inexcusabl[y] delay[ed]" seeking leave to amend. The Tenth Circuit issued the *Racher* opinion on September

---

[1] Although the court recognizes that the Tenth Circuit's decision in *Racher* is not binding on Oklahoma state courts, *Johnson v. Ford Motor Co*., 45 P.3d 86, 95 (Okla. 2002), the decision is binding on this court and the Tenth Circuit, "absent an intervening decision by the state's highest court or a legislative change." *United States v. Turley,* 878 F.3d 953, 957 (10th Cir. 2017).

28, 2017.  Mr. Green and Service Transport sought leave to amend their respective Answers within one hundred (100) days of that decision, and over four months prior to the scheduled trial of this matter.  Accordingly, the court is not persuaded that defendants' request is untimely.

    B.    *Prejudice*

    In the Tenth Circuit, "[a] district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"  *Wilkerson v. Shinseki,* 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

    Ms. Bales argues that she will be prejudiced by the amendment because, as discovery is closed, she will not have the opportunity to address the sufficiency of the asserted defenses— specifically, the exceptions to the non-economic damages cap.  However, affirmative defenses generally require less discovery than additional claims or counterclaims.  *See Harrison v. Wahatoyas, L.L.C.,* 253 F.3d 552, 559 (10th Cir. 2001).  Further, the court notes that, with respect to "reckless disregard for the rights of others," "intentional," and "mali[cious]" conduct, the exceptions to the non-economic damages cap are similar to the findings necessary for the imposition of punitive damages under 23 O.S. § 9.1, on which Ms. Bales bears the burden.  *See Wilspec Techs., Inc. v. DunAn Holding Grp., Co., Ltd*., 204 P.3d 69, 75 (Okla. 2009).  Ms. Bales unambiguously sought punitive damages in her Petition, and had the opportunity to conduct discovery regarding the necessary conduct throughout the lawsuit.[2]  Thus, the court is not persuaded that Ms. Bales will be unduly prejudiced by the requested amendments.

_____

[2] To the extent that Ms. Bales asserts that she is prejudiced because she "would have to address the Oklahoma exceptions to the non-economic damages cap in Title 23 O.S. § 61.2 by way of motions and briefings and amendments to the Plaintiff's proposed jury instructions," the court is not persuaded as jury instructions and trial briefs are not due until April 9, 2018.  Further, the

### C.     Good Cause

Finally, Ms. Bales argues that Mr. Green and Service Transport have not established good cause to satisfy Rule 16.  However, good cause may be satisfied through the discovery of new information through discovery "or if the underlying law has changed." *Gorsuch, Ltd*., 771 F.3d at 1240.  As previously discussed, *Racher* constitutes a change in the law.  Further, although the Tenth Circuit's holding in *Racher* was limited to 23 O.S. § 61.2, the court is persuaded that 23 O.S. § 9.1 and 12 O.S. § 3009.1 are sufficient similar to § 61.2 to warrant the addition of § 9.1 and § 3009.1 as affirmative defenses in light of the *Racher* holding, particularly since Ms. Bales has failed to demonstrate that she will be prejudiced by the amendment.  *See Gilbert v. Sec. Fin. Corp. of Oklahoma,* 152 P.3d 165 (Okla. 2006) (characterizing § 9.1 as punitive damages cap); *Cameron v. Bartel Truck Line, L.L.C*., No. CIV-14-553-R, 2015 WL 13357955 (W.D. Okla. Apr. 9, 2015) (characterizing application of § 3009.1 as an "issue concern[ing] a substantive rule of evidence about what damages are recoverable," requiring application of Oklahoma law).

Ms. Bales also argues that defendants have failed to demonstrate why they did not immediately request leave to amend upon issuance of the Tenth Circuit's decision in *Racher*. However, as discussed above, the court is not persuaded that Mr. Green and Service Transport unduly delayed seeking leave to amend following the issuance of the *Racher* decision.

### IV.     Conclusion

WHEREFORE, the Motion for Leave to File Amended Answers [Doc. #106] is granted.

DATED this 13th day of February, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

issues regarding whether the statutory exceptions have been met are best resolved upon hearing the evidence adduced at trial.