# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAYLA BALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-106-GKF-JFJ |
| | ) |
| RICHARD GREEN and | ) |
| SERVICE TRANSPORT COMPANY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the court upon the Motion for Partial Summary Judgment [Doc. #84] of defendants Service Transport Company and Richard Green. For the reasons discussed below, the motion is granted in part, and denied in part.

**I.**  **Background**

On January 29, 2014, a vehicle operated by Bales collided with a semi-truck operated by Green on 21st Street in Tulsa County, Oklahoma. [Doc. #20, p. 2(IV)(C)]. At the time of the collision, Green was employed by Service Transport and acting within the scope of his employment. [*Id.*].

Bales initiated litigation in the District Court of Tulsa County, Oklahoma, and the case was removed to this court on February 22, 2016. [DSOMF at ¶¶ 1 and 9]. Bales' original state court Petition asserted three causes of action: (1) automobile negligence, (2) *respondeat superior*, and (3) negligence *per se*. [Doc. #2-1]. The Petition further alleged that Service Transport was "negligent in the hiring, retention, and training of Defendant Green." [DSOMF at ¶ 3]. The Petition sought both compensatory and punitive damages. [DSOMF at ¶ 4; Doc. #2-1].

The parties have stipulated that *respondeat superior* liability will apply to Service Transport for any proven negligence of Green and related injuries/damages. [Doc. #20, p. 2(IV)(D)]. Service Transport seeks judgment as a matter of law in its favor on the issue of any direct liability claims asserted against it, and Service Transport and Green collectively move for summary judgment regarding Bales' claim for punitive damages. *See* [Doc. #84].

## II. Motion for Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Further, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

In considering a motion for summary judgment, "[t]he evidence and reasonable inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party." *Stover v. Martinez,* 382 F.3d 1064, 1070 (10th Cir. 2004). "A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Anderson,* 477 U.S. at 249). Summary judgment is appropriate only "where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Stover,* 382 F.3d at 1070 (quoting Fed. R. Civ. P. 56(c)).

**III. Discussion**

Service Transport argues that it is entitled to judgment as a matter of law with respect to any theory of liability independent of *respondeat superior*, including negligent hiring, training, and retention. Additionally, both Service Transport and Green assert they are entitled to summary judgment in their favor as to Bales' claim for punitive damages. The court will separately consider each issue.

*A.    Independent Theories of Liability*

Service Transport argues that the Oklahoma Supreme Court's decision in *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997) precludes any theory of liability other than *respondeat superior* against it. The court agrees.

In *Jordan v. Cates*, the Oklahoma Supreme Court held:

> [W]here the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous. Because vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on employer.

*Jordan,* 935 P.2d at 293. *See also N.H. v. Presbyterian Church (U.S.A.),* 998 P.2d 592, 600 (Okla. 1999) ("Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought. In Oklahoma, the theory of recovery is available if vicarious liability is *not* established.") (emphasis added) (internal footnote omitted). Bales does not dispute that she cannot maintain a valid claim for negligent hiring, retention, supervision, or training. *See* [Doc.#102, p. 20 ("The Plaintiff agrees, and always have [*sic*], with Defendant's position that a Plaintiff can't bring separate individual claims against Defendant for negligent

- 3 -

hiring, retention, supervision, or training due Defendant's admission of agency."]. Rather, Bales argues that the negligence *per se* claim survives summary judgment. The court is not persuaded.

As an initial matter, although Bales argues that Service Transport waived any argument as to the negligence *per se* claim by failing to request summary judgment on the claim, Service Transport's motion for summary judgment sought judgment as a matter of law "with respect to any theory of liability independent of *respondeat superior* liability, **including** negligent hiring, training, and retention." [Doc. #84, p. 1 (emphasis added).] *See also* [*Id.* at p. 10 ("Accordingly, pursuant to *Jordan* and its progeny, Service Transport is entitled to summary judgment with respect to any and all theories of liability advanced by Plaintiff independent of Service Transport's vicarious liability, including negligent hiring, training, re-training, supervision, and retention.")]. Thus, the court is persuaded that Service Transport's motion sought summary judgment in Service Transport's favor as to <u>all</u> direct liability claims, including negligence *per se*.

Bales argues that the Federal Motor Carrier Safety Regulations preclude summary judgment as to her negligence *per se* claim against Service Transport in these circumstances. Bales specifically cites 49 U.S.C. § 14704(a)(2), which Bales asserts sets out the applicable standard of care to be followed in the industry. However, a clear majority of courts to consider the issue have concluded "[s]ection 14704(a)(2) creates a private right of action for damages in commercial disputes involving violations of the Motor Carrier Act and its regulations, *but not for personal injury actions such as the one in the instant case*." *Stewart v. Mitchell Transp.,* 241 F. Supp. 2d 1216, 1221 (D. Kan. 2002) (emphasis added). *See Schramm v. Foster,* 341 F. Supp. 2d 536, 547 (D. Md. 2004); *Courtney v. Ivanov*, 41 F. Supp. 3d 453, 457-60 (W.D. Pa. 2014); *Harris v. U-Haul Int'l, Inc.*, No. 12-5040, 2012 WL 12919226, at *2 (W.D. Ark. Oct. 1, 2012); *Lipscomb v. Zurich Am. Ins. Co.,* No. 11-2555, 2012 WL 1902595, at *3 (E.D. La. May 25, 2012); *Jones v. D'Souza,*

No. 06-CV-00547, 2007 WL 2688332, at *7 (W.D. Va. Sept. 11, 2007); *Tierney v. Arrowhead Concrete Works, Inc.*, 791 N.W.2d 540, 547 (Minn. Ct. App. 2011); *Carlson v. GMR Transp., Inc.*, 863 N.W.2d 514, 521 (N.D. 2015); *Craft v. Graebel-Oklahoma Movers, Inc.,* 178 P.3d 170, 176-77 (Okla. 2007). Nor do any of the other cited Federal Motor Carrier Safety Regulations create a private right of action, or otherwise pre-empt state law. *See Landreville v. Joe Brown Co., Inc.,* No. CIV-08-171-KEW, 2009 WL 1437801, at *3 (E.D. Okla. May 21, 2009) ("Plaintiffs cite to certain regulations of common carriers—none of which provide for a private right of action."); *Bryson v. Sierra Metals, Inc.*, CIV-12-839-C, 2013 WL 1397826, at *2 (W.D. Okla. Mar. 25, 2013) (safety regulations cited by plaintiff did not provide private right of action); *Isso v. W. Express, Inc.*, No. CIV-14-109-R, 2015 WL 4392851, at *3 n.2 (W.D. Okla. July 15, 2015) ("The Court is also dubious that either the Motor Car Act or Federal Motor Carrier Safety Act provides a cause of action."); *Oliver v. Soto*, No. CIV-15-1106-R, 2016 WL 815343, at *2 (W.D. Okla. Feb. 29, 2016) (Federal Motor Carrier Safety Regulations do not provide a private cause of action or pre-empt state law); *Mason v. Dunn*, No. CIV-14-282-KEW, 2015 WL 5690746, at *3 (E.D. Okla. Sept. 28, 2015) ("Plaintiff ignores the fact that no private right of action exists under the Federal Motor Carrier Safety Regulations which could preempt any state rule of law."); *Beaber v. Stevens Transp., Inc*., No. CIV-15-382-R, 2015 WL 8074312, at *2 n.2 (W.D. Okla. Dec. 4, 2015) ("Plaintiff also contends that the applicable federal regulations, the Federal Motor Carrier Safety Regulations ("FMCSR"), preempt application of *Jordan v. Cates* . . . . However, the absence of a claim for direct liability for negligent entrustment, supervision, hiring and training in this context does not conflict with federal law, because the regulations do not provide a private cause of action.").

Further, federal courts in Oklahoma have consistently concluded that, even in cases involving regulated motor carriers, "the limitation on actions imposed by *Jordan* remains as the controlling authority." *Landreville*, 2009 WL 1437801, at *3. Accordingly, Service Transport's admission of *respondeat superior* liability forecloses Bales' direct liability claims against Service Transport, including negligent hiring, retention, training, and negligence *per se*.[1] *See Berry v. Transp. Distrib. Co.,* No. 12-CV-488-JED-FHM, 2013 WL 12032544, at *2 (N.D. Okla. July 31, 2013) ("It is clear under Oklahoma law that direct negligence claims . . . alleged against an employer based upon an employee's actions are not permitted in the face of the employer's stipulation to liability under *respondeat superior*."); *Guerrero v. Meadows*, No. CIV-14-0537-F, 2014 WL 10962065, at *2 (W.D. Okla. Oct. 15, 2014) ("Thus, *Jordan* and *N.H. v. Presbyterian Church* hold that where the employer stipulates that liability (if any is ultimately established) would exist under the *respondeat superior* doctrine (i.e. the vicarious liability doctrine) then any other theory for imposing liability on the employer is unnecessary and superfluous."); *Beaber*,

---

[1] The court is aware of a recent writ of prohibition issued by the Oklahoma Supreme Court in which the court precluded enforcement of Canadian County District Court Judge Paul Hesse's grant of partial summary judgment as to a negligent entrustment claim. *See* [Doc. #88-1 (a copy of the writ in *Le v. Hesse*, No. 116, 243 (Okla. filed Sept. 18, 2017)]. In the writ, the court concluded that, pursuant to *Sheffer v. Carolina Forge Co., L.L.C.*, 306 P.3d 544 (Okla. 2013), "[a]n employer's liability under the doctrine of *respondeat superior* for the acts of its employee committed within the course and scope of employment does not preclude an injured party from bringing a direct claim against the employer for negligent entrustment," and *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997), was inapplicable. *Id. See also Walling v. CRST Malone, Inc.,* No. 16-CV-621-TCK-FHM, 2018 WL 736039, at *3 (N.D. Okla. Feb. 6, 2018) ("However, more recent decisions by the Oklahoma Supreme Court indicate that the holding in *Jordan* may not extend to negligent entrustment claims."). However, in *Le* and similar cases applying *Sheffer*, the courts have refused partial summary judgment as to negligent entrustment claims only, and have not extended *Sheffer* to preclude summary judgment for other negligence-based claims, such as negligent hiring or training. *See Smith v. Brown*, No. 17-CV-631-R, 2017 WL 4248852, at *3 (W.D. Okla. Sept. 25, 2017) ("Since *Sheffer*, no court has applied its logic to bar summary judgment on superfluous negligent training or supervision claims . . . ."). Bales does not assert a negligent entrustment claim. *See* [Doc. #95]. Thus, *Sheffer* and more recent decisions applying it are inapplicable to this case.

2015 WL 8074312, at *2 ("'[A] determination that Oklahoma law forecloses Plaintiff's direct liability claims is supported by the majority of authorities addressing the issue under Oklahoma law.'") (quoting *Fisher v. Nat'l Progressive, Inc.,* No. CIV-12-853-C, 2014 WL 7399185, at *2 (W.D. Okla. Dec. 29, 2014) (internal citations and quotations omitted)); *Oliver*, 2016 WL 815343, at **1-2 (collecting cases).

Federal courts in Oklahoma have also rejected the argument that *Jordan* is inapplicable when a plaintiff, like Bales, seeks punitive damages. *See Davis-Paschica v. Two Buds Trucking, LLC*, No. 16-CV-257-GKF-FHM, 2017 WL 2713332, at *2 (N.D. Okla. Jan. 5, 2017); *Isso*, 2015 WL 4392851, at *3; Rather, the *Jordan* court expressly held that "[b]ecause vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on employer." *Jordan,* 935 P.2d at 293. *See also Davis-Paschica*, 2017 WL 2713332, at *2 (collecting cases); *Landreville*, 2009 WL 1437801, at *4 ("[T]he Oklahoma Supreme Court considered the imposition of punitive damages in its discussion and reached the conclusion that additional claims of negligence 'imposes no further liability.'"). Thus, because "[p]unitive damages, if warranted, are still available to plaintiff via *respondeat superior*[,] . . . she will not be prejudiced in that respect by the dismissal of any direct negligence claims against [employer defendant]." *Berry,* 2013 WL 12032544, at *2. *See also Lyman v. Ayers*, No. 16-CV-161-GKF-TLW, 2016 WL 9223837, at *2 (N.D. Okla. Sept. 6, 2016) (same).

"'It is not the prerogative of this court, sitting in diversity jurisdiction, to avoid or qualify a rule which has been announced by the Oklahoma Supreme Court . . . .'" *Davis-Pashica,* 2017 WL 2713332, at *2 (quoting *Guerrero,* 2014 WL 10962065, at *4). Thus, absent some qualification by the Oklahoma Supreme Court, this court is bound to apply *Jordan* in this case. The court concludes that Service Transport is entitled to summary judgment in its favor as to Bales'

claims for direct liability against Service Transport, independent of Service Transport's potential *respondeat superior* liability, including negligent hiring, training, retention, and negligence *per se*.

B. *Punitive Damages*

Service Transport and Green also argue that there is no evidence to support Bales' punitive damage claim.[2] Oklahoma's punitive damages statute, 23 Okla. Stat. § 9.1, provides for the recovery of punitive damages where the jury finds by clear and convincing evidence that the defendant acted, at a minimum, with reckless disregard for the rights of others.[3] "Whether that showing has been made remains an issue of law for the trial court in its role as gatekeeper to determine, upon a defendant's challenge . . . whether there is competent evidence upon which a reasonable jury could find reckless disregard, from which malice and evil intent may be inferred." *Robinson v. Sunshine Homes, Inc*., 291 P.3d 628, 638 (Okla. Civ. App. 2010) (internal footnote omitted).

As an initial matter, Bales argues that, even if her direct claims against Service Transport are foreclosed, evidence of Service Transport's independent conduct is relevant and admissible to her claim for punitive damages. However, although "'the court can envision situations where the

---

[2] "A plea for punitive damages is generally considered to be an element of recovery of the underlying cause of action; it does not constitute a separate cause of action." *Rodebush ex. rel. Rodebush v. Okla. Nursing Homes, Ltd*., 867 P.2d 1241, 1247 (Okla. 1993).

[3] "Category I" punitive damages may be awarded when the jury finds by clear and convincing evidence that the defendant has recklessly disregarded the rights of others. 23 O.S. § 9.1(B). Category I punitive damages may not exceed the greater of one hundred thousand dollars ($100,000.00) or the amount of actual damages awarded. "Category II" punitive damages may be awarded when the jury finds by clear and convincing evidence that the defendant acted intentionally and with malice towards others. *Id.* § 9.1(C). Category II punitive damages may not exceed the greater of five hundred thousand dollars ($500,000.00), twice the amount of actual damages awarded, or the increased financial benefit derived by the defendant as a direct result of the conduct causing injury to the plaintiff. *Id.* However, if the jury also finds that there is evidence "beyond a reasonable doubt that the defendant . . acted intentionally and with malice and engaged in conduct life-threatening to humans," the jury may award the punitive damages it deems appropriate, without regard to the statutory caps. *Id.* § 9.1(D).

punitive damages exposure of the defendant could differ significantly based on whether' the inquiry focused on the conduct of the agent or the conduct of the employer," Bales' argument "'does not come to grips with the impact of *Jordan* in a meaningful way.'" *Davis-Pashica*, 2017 WL 2713332, at *2 (quoting *Chamberlain v. Thomas*, No. CIV-11-1430-HE, 2012 WL 4355908, at *1 (W.D. Okla. Sept. 24, 2012)). Pursuant to *Jordan*, Bales' direct negligence claims against Service Transport have been dismissed as a matter of law, leaving only the *respondeat superior* theory of liability. To determine *respondeat superior* liability—and Service Transport's liability for punitive damages—the focus must be on Green's conduct, not that of Service Transport.[4] *See Raborn v. Johnston*, No. 16-CV-0653-CVE-JFJ, 2017 WL 4681792, at *3 (N.D. Okla. Oct. 17, 2017). *See also Johnny v. Bornowski,* No. 10-04008-CV-FJG, 2012 WL 13723, at *2 (W.D. Mo. Jan. 4, 2012) (under Oklahoma law, direct liability theories cannot be maintained nor is a claim for punitive damages based on *employer's* conduct permissible). Thus, this court's review of the evidentiary record before it is limited to evidence of Green's conduct.

The court concludes that the facts surrounding the accident are disputed. Service Transport and Green allege that Green pulled up to the delivery location's driveway in the right lane, observed that if he made the turn, the back of his trailer tandem would have come off the ground, looked in both mirrors, ascertained that no cars were coming up or down the road, moved into the left lane to make the turn, ascertained that his trailer tire would still come off the pavement, looked in both mirrors to determine that no one was coming from the front or back, backed up, and had begun to pull forward when the collision occurred. [DSOMF at ¶¶ 6-7; Doc. #84-3, p. 12:14 to 13:10]. Bales, on the other hand, alleges that she was driving in the left lane when the truck was

---

[4] Oklahoma law is clear that "[p]unitive or exemplary damages may be assessed against an employer for an employee's act under the doctrine of *respondeat superior*." *Bierman v. Aramark Refreshment Servs., Inc*., 198 P.3d 877, 884 (Okla. 2008) (footnote omitted).

suddenly in front of her. [DSOMF at ¶ 8; Doc. #84-4, p. 21:4-25]. Bales disputes that the tractor and trailer's turn signals were activated. [Doc. #84-4, p. 21:4-25]. Further, Bales alleges that Green violated Service Transport company policy by backing the trailer without the use of hazard lights. [PSOMF at ¶ 16]. Additionally, Bales has presented evidence from which a reasonable juror could conclude that, at the time of the collision (which is also the subject of dispute), Green had exceeded the fourteen (14) hour period permitted by Federal Motor Carrier Safety Regulations. *See* [Doc. #102-6]. *See also* 49 C.F.R. § 395.3(a)(2) ("The driver may not drive after the end of the 14-consecutive hour period without first taking 10 consecutive hours off duty.").

Viewing the evidence and drawing all reasonable in favor of Bales, as the court must do at the summary judgment stage, the court is persuaded that a genuine dispute exists as to the material facts regarding whether Green acted with reckless disregard for the rights of others and, therefore, Bales' entitlement to punitive damages. *See Cummings v. ConGlobal Indus., Inc.*, No. 07-CV-409-TCK-SAJ, 2008 WL 4613817 (N.D. Okla. Oct. 14, 2008) (evidence driver had recently been cited for other traffic violations, altered his log so as to comply with FMCSR, and was transporting unauthorized passenger at time precluded partial summary judgment as to punitive damages); *Ferrell v. BCF Global, LLC*, No. CIV-15-404-D, 2018 WL 746399 (W.D. Okla. Feb. 6, 2018) (evidence driver ignored company policy regarding cell phone use and exceeded FMCSR driving hours created question of fact that could not be disposed on summary judgment). Accordingly, the court must deny Service Transport and Green's motion for summary judgment as to Bales' punitive damages claim.

WHEREFORE, Defendants Service Transport Company's and Richard Green's Motion for Partial Summary Judgment [Doc. #84] is granted as to any theory of liability independent of

*respondeat superior* liability, including negligent hiring, training, and retention, as well as negligence *per se*, and denied as to the punitive damages claim.

DATED this 2nd day of March, 2018.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT