**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

KAYLA BALES, )
)
    Plaintiff, )
)
v. ) Case No. 16-CV-106-GKF-JFJ
)
RICHARD GREEN and )
SERVICE TRANSPORT COMPANY, )
)
    Defendants. )

**OPINION AND ORDER**

This matter comes before the court upon the Motion to Exclude Testimony (*Daubert*) and Brief in Support with Respect to Plaintiff's Expert, Robert Weims Painter, Jr. [Doc. #98] of defendants Service Transport Company and Richard Green. For the reasons discussed below, the motion is granted in part and denied in part.

**I.  Background**

On January 29, 2014, a vehicle operated by plaintiff collided with a semi-truck operated by defendant Green on West 21st Street in Tulsa County, Oklahoma. [Doc. #20, p. 2(IV)(C)]. At the time of the collision, Green was employed by defendant Service Transport and acting within the scope of his employment. [*Id.*]. Plaintiff initiated litigation in the District Court of Tulsa County, Oklahoma, and the case was removed to this court on February 22, 2016. Plaintiff's original state court Petition asserted three causes of action: (1) automobile negligence, (2) *respondeat superior*, and (3) negligence *per se*. [Doc. #2-1].[1]

---

[1] By order dated March 2, 2018, this court granted Service Transport's Motion for Partial Summary Judgment as to any theory of liability independent of *respondeat superior* liability, including negligent hiring, training, and retention, as well as negligence *per se*. [Doc. #114].

Plaintiff retained Robert W. Painter, Jr., of the firm Stratton, Moore & Painter, as an accident reconstructionist. On October 2, 2017, Painter submitted to counsel a written report that included four formal opinions: (1) Green made an improper turn from the wrong lane; (2) Green made an improper right turn; (3) Green was improperly backing; and (4) Green was over his allotted time for duty status driving. [Doc. #98-2, p. 8]. In the Motion to Exclude, defendants seek to preclude Painter's testimony for two reasons: (1) Painter's report does not satisfy the requirements of Fed. R. Civ. P. 26(a)(2); and (2) Painter's testimony does not satisfy the *Daubert* standard.

## II. Standard

Pursuant to Federal Rule of Evidence 702,

[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)  the testimony is based on sufficient facts or data;

(c)  the testimony is the product of reliable principles and methods; and

(d)  the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 imposes on the trial court an important gate-keeping obligation, "to 'ensure that any and all [expert] testimony . . . is not only relevant, but reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 578, 590 (1993)). Thus, "the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co., Ltd*., 526 U.S. at 149 (quoting *Daubert*, 509 U.S. at 592).

"To determine whether an expert's opinion is admissible, the district court must undertake a two-step analysis." *Mathis v. Huff & Puff Trucking, Inc.,* 787 F.3d 1297, 1307 (10th Cir. 2015). "First, the court must determine whether the expert is 'qualified' by knowledge, skill, experience, training, or education' to render an opinion." *Id.* (quoting Fed. R. Evid. 702). "Second, 'the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*.'" *Id.*

In addition, under Federal Rule of Civil Procedure 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." The disclosure must also be accompanied by a written report—prepared and signed by the witness—that contains the following:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). "Rule 26(a)(2)'s requirements 'are mandatory and self-executing.'" *Kern River Gas Transmission Co. v. 6.17 Acres of Land,* 156 F. App'x 96, 102 (10th Cir. 2005) (quoting *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 59 (1st Cir. 2001)). Failure to provide the information required by Fed. R. Civ. P. 26(a)(2) may result in the disallowance of the

information or witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

**III. Analysis**

  *A. Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1)*

Defendants argue that Painter's expert report is deficient under Rule 26(a)(2) for three separate reasons and, therefore, Painter's opinions should be excluded.

First, defendants argue that Painter's report does not satisfy Rule 26(a)(2)(i)'s requirement of a "complete statement of all opinions the witness will express" because the report is characterized by Painter as a "preliminary report." It is true that, under Rule 26(a)(2), "[e]xpert reports must not be . . . preliminary in nature." *Salgado ex rel. Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 741 n.6 (7th Cir. 1998) (cited and quoted with approval by *Kern River Gas Transmission Co.,* 156 F. App'x at 102*); see also Cohlmia v. Ardent Health Servs., LLC*, 254 F.R.D. 426, 431 n.6 (N.D. Okla. 2008) ("'Preliminary expert reports' do not satisfy the requirements of Rule 26(a).") (citation omitted). However, defendants present no evidence beyond a single characterization of the report by Painter as a "preliminary report." The report includes no indication that Painter intended to perform additional testing or provide supplementary opinions. *Compare Seikel v. Am. Med. Sec. Life Ins. Co*., No. CIV-05-1403-T, 2007 WL 4859272 (W.D. Okla. Feb. 26, 2007). Rather, the report includes a recitation of the materials reviewed by Painter, a description of the simulation software used, a discussion of the facts on which Painter relied and utilized in the software, diagrams illustrating Painter's methodology, and four formal opinions. Thus, the court is persuaded that Painter's report satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(i).

Second, defendants argue that Painter fails to identify the facts or data considered in forming Painter's fourth opinion—that Green was over his allocated time for duty status driving. The report does cite § 395.3 of the Federal Motor Carriers Safety Act. However, the report includes no information regarding the amount of time that Green had driven prior to the collision— including the date and time Green became "on duty" or time spent "off duty." Nor is it clear from the report that Painter reviewed Green's hours of service log. Thus, with regard to opinion no. 4, Painter's report does not disclose the facts and data considered, and does not satisfy Rule 26(a)(2)(ii).

As previously stated, failure to provide the information required by Fed. R. Civ. P. 26(a)(2) may result in the disallowance of the information or witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Neiberger v. Fed Ex Ground Package Sys., Inc*., 566 F.3d 1184, 1191-92 (10th Cir. 2009) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999)). To make the determination, the court should be guided by the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc*., 170 F.3d at 993.

The court is persuaded that Painter's failure to disclose the facts and data considered regarding his fourth formal opinion was not substantially justified or harmless. Although defendants have made no showing of bad faith or willfulness on the part of plaintiff, the court is persuaded that, were the court to allow Painter to opine regarding Green's duty status driving, defendants would be prejudiced unless they were allowed to offer their own expert regarding duty

status driving. Curing this prejudice would require the court to amend the current scheduling deadlines to permit additional expert disclosure and *Daubert* briefing. Because this case is set for trial on April 16, 2018, any additional disclosures or briefing would significantly disrupt the trial of this matter. Thus, the court concludes that permitting Painter to opine regarding whether Green was over his allotted time for duty status driving would not be harmless or justified, and Painter should be precluded from offering any testimony or opinions regarding this topic.[2]

Third, defendants assert that Painter did not provide his qualifications to opine as to hour of service issues under the Federal Motor Carriers Safety Act. However, because the court concludes that Painter should be precluded from offering any testimony or opinions regarding whether Green was over his allotted time for duty status driving for failure to satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(ii), the court need not consider this issue.

### B. *Daubert Standard*

Defendants also argue that Painter's testimony should be disallowed under the *Daubert* standard, primarily asserting that Painter's opinions are based on insufficient facts and data and, therefore, impermissibly conclusory and unreliable.[3]

---

[2] Although not included in defendants' Fed. R. Civ. P. 26(a)(2) disclosure argument, defendants object to Painter's reliance on Oklahoma statute "47-1102" for his third formal opinion—that Green was improperly backing. Defendants assert that 47 O.S. § 1102 is a definitional statute and does not include any reference to backing. However, defendants simultaneously identify the "correct backing statute (47 O.S. § 11-1102)." [Doc. #98, p. 15]. Accordingly, the court is not persuaded that defendants are prejudiced by Painter's erroneous citation and the error may be cured with a minor correction. Nor will Painter's correction of the error disrupt the trial as defendants' are aware of the proper statute. Thus, the court concludes that Painter's citation to "47-1102" is harmless.

[3] Although defendants' object to Painter's qualification to opine as to hour of services issues under the Federal Motor Carriers Safety Act, defendants do not argue that Painter is not a qualified accident reconstructionist. Further, based on the court's review of the materials before it—specifically Painter's *curriculum vitae*—the court is persuaded that Painter is qualified by knowledge, skill, experience, training and education to provide testimony as an accident reconstructionist. With regard to education, Painter received a bachelor of science and a master

As previously stated, Painter's report includes four formal opinions: (1) Green made an improper turn from the wrong lane, (2) Green made an improper right turn; (3) Green was improperly backing; and (4) Green was over his allotted time for duty status driving.[4] None of Painter's formal opinions relate to plaintiff's conduct and vehicle. However, Painter's report includes discussion of the movements of plaintiff's vehicle—specifically that plaintiff was driving in the outside lane and then "swerved" into the inside lane of westbound 21st Street immediately prior to the collision—and whether plaintiff's view was obstructed to which defendants object. The court will first consider Painter's opinions regarding Green, and then plaintiff's vehicle and view.

      1.      <u>Green's Vehicle and Conduct</u>

Defendants first argue that Painter's report and opinions as to Green's vehicle and conduct are based on insufficient facts and data and, therefore, unreliable.

Defendants attack the reliability of Painter's opinions based on Painter's reliance on the investigation conducted by the Oklahoma Highway Patrol and related file material. However, "courts within the Tenth Circuit and beyond have accepted the reconstruction of accidents based on the expert's review of police reports, photographs of the scene, and witness statements." *Bautista v. MVT Servs., LLC*, No. 16-CV-1086-NYW, 2017 WL 6054888, *5 (D. Colo. Dec. 7,

---

of criminal justice administration from Oklahoma City University. [Doc. #98-6, p. 1]. In addition to his formal education, Painter has received training in crash data retrieval, heavy vehicle electronic control module data use in crash reconstruction, and special problems in traffic crash reconstruction. [*Id*. at pp. 4-6]. As to practical experience, Painter served as an Oklahoma Highway Patrolman for twenty years, and ended his tenure as the technical accident investigation and research unit supervisor for three years. [*Id*. at p. 13]. Painter also holds Commercial Drivers License No. 001584147 with Endorsements N (Tanks), T (Doubles/Triples), and H (Hazardous Materials). [*Id*. at p. 12].

[4]As discussed herein, the court is persuaded that Painter's fourth opinion should be excluded for failure to satisfy the requirements of Fed. R. Civ. P. 26(a)(2).

2017); *see also North v. Ford Motor Co.*, 505 F. Supp. 2d 1113, 1118 (D. Utah 2007); *Taylor v. Glenn*, No. CIV-14-462-M, 2016 WL 491329, at *2 (W.D. Okla. Feb. 5, 2016). Further, Green's deposition testimony is contradicted by other evidence, including the video frame taken from the OHP dash cam video. Thus, Defendants' objection to the factual basis for Painter's opinions—specifically, Painter's reliance on the OHP investigation and dash cam video rather than deposition testimony—go to the weight, not the admissibility, of Painter's testimony. The factual basis for an expert's opinions and the weight to be provided to same is the proper subject of cross-examination, not exclusion. *Chavez v. Marten Transp., Ltd.*, No. CIV-10-0004-MV-RLP, 2012 WL 988011, at *3 (D.N.M. Mar. 22, 2012) (quoting *Hose v. Chicago Nw. Transp. Co.,* 70 F.3d 968, 970 (8th Cir. 1996)).

Defendants also challenge the reliability of Painter's methodology, asserting that the methods employed by Painter to reach his opinions are "not only unclear but at times absent from his report." [Doc. #98, p. 14]. Painter's report states that he reviewed the following: Oklahoma Highway Patrol Report of Investigation Agency Case No. CR00723-14 and supplemental form; Official Oklahoma Traffic Collision Report no. B00145-14; Green's deposition; Bales' deposition; Service Transport's Amended Response to Plaintiff's First Requests for Production of Documents and Amended Answers to Plaintiff's First Interrogatories; photographs of the vehicles; aerial photographs of the scene; vehicle specifications; the weather history of the location on the night of the collision; and a video frame of the vehicles after the collision from an OHP dash cam. [Doc. #98-2, pp. 1-2]. Painter's report adequately reflects the testimony and facts drawn from these materials on which Painter's opinions rely. [*Id.* at pp. 2-4]. In addition to facts and testimony, Painter's report cites specific statutes and portions of the Oklahoma Commercial Driver License Manual which Painter applies in formulating his opinions. [*Id.* at pp. 4 and 8]. Finally, Painter

input the relevant facts and data into Virtual CRASH, which simulates vehicle dynamics and collisions, permitting motor vehicles to "interact with each other in the computer virtual world as they would in the real world." [*Id.* at p. 5]. The court is persuaded that Painter's methodology is reliable. Defendants' challenges to the facts on which Painter relies and which were input into the crash simulation software go to the weight, not admissibility, of Painter's opinions. *See Bautista*, 2017 WL 6054888, at *5.

It is clear to the court that the cause of the collision is the subject of dispute, and that the testimony of a person with specialized knowledge will help the jury understand the evidence. Thus, the court concludes that Painter's testimony regarding Green's conduct and the movement of Green's vehicle on the date of the collision satisfy the requirements of Fed. R. Evid. 702.

        2.      <u>Plaintiff's Vehicle and Conduct</u>

As for Painter's opinions regarding plaintiff's vehicle, defendants again challenge the factual basis and reliability of Painter's report.

Painter first opines "[u]nit number two [plaintiff's vehicle] was traveling westbound in the outside lane of County Road (West 21st Street South) when 'Bales' swerved into the inside lane of westbound County Road." [Doc. #98-2, p. 4]. In support for his opinion that plaintiff "swerved into the inside lane," Painter relies on the Official Oklahoma Traffic Collision. However, plaintiff testified that she was traveling in the left (inside lane) of westbound 21st Street prior to the collision, and made no evasive maneuvers. [Doc. #98-9, pp. 19:21 to 20:8 and 21:2-9]. Rather than swerving, plaintiff testified that she "instantly ducked." [Doc. #98-9, p. 20:2-8]. Painter cites no other evidence in support of his conclusion that plaintiff was traveling in the outside lane and swerved into the inside lane of West 21st Street.

"Generally, the district court should focus on an expert's methodology rather than the conclusions it generates. However, an expert's conclusions are not immune from scrutiny: 'A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.'" *Goebel v. Denver & Rio Grande W. R.R. Co.*, 346 F.3d 987, 992 (10th Cir. 2003) (internal citations and quotations omitted) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). Here, the court concludes that there is simply too great an analytical gap between the Official Oklahoma Traffic Collision Report and Painter's opinion that plaintiff "swerved" into the inside lane. The Official Oklahoma Traffic Collision Report was not provided to this court and Painter cites no other evidence in support of his conclusion. Further, the conclusion is directly contradicted by plaintiff's own testimony.[5] Accordingly, the court is persuaded that Painter's opinion that plaintiff swerved from the outside lane of West 21st Street is unreliable, and Painter's testimony related thereto should be excluded.

Defendants also object to Painter's statement that, in his opinion, a line of trees would have partially obscured plaintiff's view of the tractor-trailer prior to the collision. *See* [Doc. #98-2, p. 7]. The court concludes that Painter's opinions with regard to this topic are analogous to *Cornwell v. Union Pac. R.R. Co.*, No. 08-CV-638-JHP, 2010 WL 3521674 (N.D. Okla. Sept. 7, 2010). In that case, Painter issued a report purporting to reconstruct a collision between a train and a vehicle operated by Renia A. Cornwell, in which Cornwell died. Another court in this district excluded Painter's testimony as unreliable and speculative, reasoning that "Painter's conclusion that the

---

[5] Although this court rejected defendants' objection to Painter's opinions regarding Green's conduct and vehicle due to Painter's disregard of Green's deposition testimony, in that situation, Painter's opinions were supported by more than the Official Oklahoma Traffic Collision Report—specifically, the video frame taken from the OHP dash cam video. The video frame taken from the OHP dash cam video shows plaintiff's vehicle in the inside lane (which is consistent with plaintiff's deposition testimony), but provides no support for Painter's statement that plaintiff swerved.

train's visual cue is the light on the front of the train fails to take into account any other visual cues available," specifically that the accident occurred during the daylight. *Id.* at *4. Further, "Painter fail[ed] to account for whether any of the additional cars could be seen in making his conclusion that 'if the signal house had not been there, 'Cornwell' would have had an opportunity to see unit number two, and would be able to bring her vehicle to a stop." *Id.* Finally, Painter stated in his report that Cornwell looked to the left and right; however, Cornwell was alone in her vehicle at the time of the collision and no factual support existed as to Painter's statement. *Id.* The Tenth Circuit affirmed. *Cornwell v. Union Pacific Railroad Co.*, 453 F. App'x 829 (10th Cir. 2012).

Here, plaintiff, the sole person in her vehicle, offered no testimony regarding her vision being blocked by the tree line. Rather, plaintiff testified "it was a straight path," and nothing in the conditions affected her visibility. [Doc. #98-9, p. 23:16-22 and 24:12-15]. Further, Painter's statements fail to account for the season and lack of leaves on the trees. Finally, for the reasons discussed herein, Painter's conclusion regarding the lane in which plaintiff was driving—on which Painter's statements regarding visibility are premised—is unreliable. Thus, Painter's opinion that plaintiff's view was obstructed is inadmissible.

WHEREFORE, Defendants Service Transport Company's and Richard Green's Motion to Exclude Testimony (*Daubert*) and Brief in Support with Respect to Plaintiff's Expert, Robert Weims Painter, Jr. [Doc. #98] is granted in part and denied in part. Mr. Painter may offer his opinions consistent with this order.

DATED this 26th day of March, 2018.

*Gregory K. Frizzell*
GREGORY K. FRIZZELL, CHIEF JUDGE